E-Filed - JS-6

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 08-5692-GHK (JCx) | | Date | November 4, 2008 |
|---|---|---|---|---|
| Title | *Gary Davis, etc, et al, v. HSBC Bank of Nevada, N.A., et al.* | | | |

| Presiding: The Honorable | **GEORGE H. KING, U.S. DISTRICT JUDGE** | |
|---|---|---|
| Beatrice Herrera | N/A | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| (none) | (none) |

**Proceedings:**   **(In Chambers) Order Remanding Action**

On July 28, 2008, Plaintiffs Gary Davis, et al., ("Plaintiffs") filed the above-captioned Complaint in California state court. On August 29, 2008, Defendants HSBC Bank Nevada, N.A.; HSBC Finance Corporation; Best Buy Co., Inc; and Best Buy Stores L.P. (collectively, "Defendants") filed a Notice of Removal in this Court. On September 9, 2008, we issued an Order to Show Cause ("OSC"), directing Defendants to show cause why this matter should not be remanded to state court because we lack subject matter jurisdiction. On September 30, 2008, Defendants responded to the OSC. Then, on October 9, 2008, we directed Plaintiffs to respond to whether remand is required under the local controversy exception to the Class Action Fairness Act ("CAFA").[1] Plaintiffs responded to that order on October 20, 2008. As the parties are familiar with the facts in this case, they will be repeated only as necessary. Accordingly, we rule as follows:

**I.   Defendant Best Buy Stores L.P.'s Citizenship**

Under CAFA, an unincorporated association is deemed a citizen of the state under whose law it is organized and in which it has a principal place of business. 28 U.S.C. § 1332(d)(10) ("For purposes of this subsection and section 1453, an unincorporated association shall be deemed to be a citizen of the State where it has its principal place of business and the State under whose laws it is organized"). Thus, under CAFA, "the citizenship of partnerships and other unincorporated entities is essentially equivalent to that of corporations." 15 Redish Moore's Federal Practice - Civil, § 102.56A.

For purposes of assessing diversity, a corporation has dual citizenship. "[A] corporation shall be deemed to be a citizen of any State by which it has been incorporated and of the State where it has its

---

[1] On October 9, 2008, the same day we ordered Plaintiffs to respond to whether remand was required, Plaintiffs responded to Defendants' response to our OSC, arguing that remand was necessary under the local controversy exception to our jurisdiction under CAFA.

E-Filed - JS-6

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 08-5692-GHK (JCx) | Date | November 4, 2008 |
|---|---|---|---|
| Title | *Gary Davis, etc, et al, v. HSBC Bank of Nevada, N.A., et al.* | | |

principal place of business . . . ." 28 U.S.C. § 1332(c)(1). There are two rules used to establish a corporation's principal place of business. "First, the 'place of operations test' locates a corporation's principal place of business in the state which contains a substantial predominance of corporate operations. Second, the 'nerve center test' locates a corporation's principal place of business in the state where the majority of its executive and administrative functions are performed." *Tosco Corp. v. Cmtys. for a Better Env't*, 236 F.3d 495, 500 (9th Cir. 2001) (internal citations and some quotation marks omitted). However, the nerve center test is only used "when no state contains a substantial predominance of the corporation's business activities." *Id.* (emphasis omitted). Thus, following the Ninth Circuit rule, we apply the place of operations test unless the party seeking to establish jurisdiction shows that the activities of a corporate party do not substantially predominate in any one state.

In applying the operations test, we determine a corporation's principal place of business by examining an entity's entire activities. *See Indus. Tectonics, Inc. v. Aero Alloy,* 912 F.2d 1090, 1094 (9th Cir. 1990). We consider a corporation a citizen of the state where it "conducts the most activity that is visible and impacts the public" and where there is the "greatest potential for litigation." *Id.* When a corporation conducts business in more than one state, we regard as its principal place of business that state which "contains a substantial predominance of the corporation's business activities." *Id.* at 1092. Important factors in making this determination are the locations where income is earned, purchases are made, and sales take place, as well as the location of employees, tangible property, and production activities. *Id.* at 1094. "Substantial predominance" does not require that the *majority* of a corporation's business take place in one state, only that the amount of a corporation's business activity in one state be significantly larger than that in any other state in which the corporation conducts business. *Tosco Corp.*, 236 F.3d at 500. The relevant comparison, then, is between the amount of business activity in the state at issue and the amount conducted in other states, not between the amount of activity conducted in the state at issue and the corporation's total activity. In other words, the issue is not the percentage of a corporation's activity conducted in a given state, taken alone, but that percentage in comparison to the percentage of activity the corporation conducts in other states.

In response to the OSC, Defendant Best Buy Stores L.P. ("Best Buy Stores") states that it is incorporated in Minnesota, and that its business does not substantially predominate in any one state under the place of operations test. However, Best Buy Stores states that it has more retail stores in California (103 compared to Texas, the next highest, at 89), has the most employees in California (16,033 compared to Texas, the next highest, at 11,400), and the most sales in California, (13% of all sales, compared to Texas, the next highest, at 10%). Comparatively, California has 15% more stores, 40% more employees, and 46% more sales than Texas, the second highest state. Therefore, we conclude that, under the place of operations test, Best Buy Stores is a California citizen for purposes of citizenship under CAFA.

**II. Local Controversy Exception to CAFA**

E-Filed - JS-6

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 08-5692-GHK (JCx) | Date | November 4, 2008 |
|---|---|---|---|
| Title | *Gary Davis, etc, et al, v. HSBC Bank of Nevada, N.A., et al.* | | |

In order to remove an action based on diversity jurisdiction under CAFA there need only be minimal diversity between the parties, *i.e.*, any class member is a citizen of a state different from any defendant, and the amount in controversy must exceed $5,000,000. *See* 28 U.S.C. § 1332(d)(2). However, under the "local controversy exception" we "shall decline to exercise jurisdiction" over a class action in which (1) greater than two-thirds of the members of all proposed plaintiff classes in the aggregate are citizens of the State in which the action was originally filed; (2) at least one defendant is a defendant from whom significant relief is sought by members of the plaintiff class whose alleged conduct forms a significant basis for the claims asserted by the proposed class, and who is a citizen of the State in which the action was originally filed; and (3) principal injuries resulting from the alleged conduct or any related conduct of each defendant were incurred in the State in which the action was originally filed. 28 U.S.C. § 1332(d)(4)(A); *Serrano v. 180 Connect, Inc.*, 478 F.3d 1018, 1022-25 (9th Cir. 2007); *see also Kearns v. Ford Motor Co.*, 2005 WL 3967998, at *8-10 (C.D. Cal. Nov. 21, 2005). Furthermore, to satisfy the local controversy exception, "during the 3-year period preceding the filing of the class action, no other class action has been filed asserting the same or similar factual allegations against any of the defendants on behalf of the same or other persons." 28 U.S.C. § 1332(d)(4)(A)(ii). Plaintiffs bear the burden of proving the applicability of this exception. *Serrano*, 478 F. 3d at 1024.

Here, Plaintiffs and all members of the proposed class are citizens of California. There is no evidence that any class action has been filed asserting the same or similar allegations against any defendant on behalf of Plaintiffs, or others. Moreover, there is no disagreement that the principal injuries resulting from Defendants' alleged wrongful conduct were incurred in California.

**A.    Significant Relief**

If only a small number of plaintiff class members have claims against a defendant, or if "the relief sought (or reasonably expected) from a particular defendant is just 'small change' in comparison to what the class is seeking from the co-defendants, significant relief is not sought against that defendant. *Kaufman v. Allstate Ins. Co.*, ___ F. Supp. 2d ___, 2008 WL 4224911, at *2 (D. N.J. Sep. 10, 2008); *Phillips v. Severn Trent Envtl. Servs.*, 2007 WL 2757131, at *3 (E.D. La. Sep. 19, 2007). Here, we have neither case. Best Buy Stores is jointly and severally liable for all claims alleged in the Complaint and, were Plaintiffs to recover, Best Buy Stores is not liable for "small change" compared to Defendants HSBC Bank Neveda, N.A or Best Buy Co.

**B.    Significant Basis**

"The inquiry into whether the in-state defendant's conduct forms a 'significant basis' for the claims centers on a comparison of the in-state defendant's alleged conduct with the other defendants' conduct." *Kaufman*, 2008 WL 4224911, at *3; *Joseph v. Unitrin, Inc.*, ___ F. Supp. 2d___, 2008 WL

E-Filed - JS-6

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 08-5692-GHK (JCx) | Date | November 4, 2008 |
|---|---|---|---|
| Title | *Gary Davis, etc, et al, v. HSBC Bank of Nevada, N.A., et al.* | | |

3822938, at *8 (E.D. Tex., Aug. 12, 2008).  A substantial basis exists when a defendant's conduct is more than of trivial, or no importance.  *See Caruso v. Allstate Ins. Co.*, 469 F. Supp. 2d 364, 369 (E. D. La. 2007); *see also Kaufman*, 2008 WL 4224911, at *3.  In Plaintiffs' Complaint, they allege that Best Buy Stores committed its own misleading advertisement and is responsible for promoting the "Reward Zone Program" in print, television, and radio spots and on the internet.  Moreover, Plaintiffs allege that they were drawn to the Reward Zone Mastercard because of the "points" that could be redeemed as part of the Reward Zone Program that Best Buy Stores administered.  Therefore, we find that the conduct of Best Buy Stores' formed a significant basis for Plaintiffs' claims and is definitely more than of trivial or no importance.

Accordingly, we find that Best Buy is a citizen of California, the "local controversy exception" applies, and we are required to decline jurisdiction over this action.

**III.     Order**

For the foregoing reasons, this action is hereby **REMANDED** to the state court from whence it was removed.

**IT IS SO ORDERED.**

0     :

Initials of Deputy Clerk          Bea